IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **JEFFERY BATTLE,** * | |
| Plaintiff, * | |
| v. * | Case No.: PWG-14-2250 |
| **SYLVIA MATTHEWS BURWELL,** * | |
| **DEPARTMENT OF HEALTH &** | |
| **HUMAN SERVICES, NATIONAL** * | |
| **INSTITUTES OF HEALTH,** | |
| * | |
| Defendant. | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Two and a half years, two supplements and two amended complaints after Plaintiff Jeffery Battle filed his original Complaint, and following the dismissal of all claims except his retaliation claim, he has filed a Motion for Leave to File Third Amended Complaint to reinstate and attempt to properly allege the five counts in his Second Amended Complaint. ECF No. 65. Because Battle already repeatedly failed to cure his pleading deficiencies in his prior amendments, and these amendments have caused unnecessary delay, and are futile, I will deny his motion.

### Background

Battle originally filed suit, *pro se*, against his employer, the U.S. Department of Health and Human Service's National Institutes of Health (the "Agency"), on July 15, 2014, setting forth the grounds for his claims of discrimination and retaliation in a 209-page, rambling Complaint. ECF Nos. 1, 1-1, 1-2. Not satisfied with his initial Complaint, he then filed a 20-

page Supplement, accompanied by 97 pages of exhibits, approximately one month later, and then a 5-page Supplement approximately one month after that. ECF Nos. 5, 5-1 – 5-10, 8. Battle then retained counsel and sought three extensions of time to file an Amended Complaint, ECF Nos. 10, 12, 15, ultimately filing a 40-page Amended Complaint on March 27, 2015, ECF No. 17. Although that complaint appeared to pare down the pleadings considerably, its relative brevity was illusory, because it actually "re-alleged and incorporated by reference" in each of its ten counts "the information in Plaintiff's original complaint." Am. Compl. ¶¶ 45, 51, 57, 62, 65, 68, 71, 74, 77, 81. Thus, if anything, it expanded Plaintiff's filings.

I issued a Case Management Order on August 3, 2015, setting forth the procedures governing the management of this case. ECF No. 23. In accordance with that Order, the Agency identified deficiencies it perceived in the Amended Complaint and sought leave to file a motion to dismiss or for summary judgment in its favor. ECF No. 24. Following a pre-motion conference call, I ordered Battle "to file a second amended complaint by October 5, 2015 that complies with Fed. R. Civ. P. 8 and eliminates the argument and surplussage present in the Amended Complaint." ECF No. 26. I granted the Agency leave to file a motion to dismiss after Battle amended his pleadings if it regarded the Second Amended Complaint as deficient. *Id.* I also issued a Letter Order to provide guidance for Battle in drafting a Second Amended Complaint that complied with Fed. R. Civ. P. 8. ECF No. 27. Battle then sought an extension of time to file the Second Amended Complaint, ECF No. 28, which I granted, extending the deadline to October 19, 2015. ECF No. 29.

The Second Amended Complaint that Battle filed on October 19 did not comply with this Court's Local Rules, and the Clerk's Office marked it "filed in error." ECF No. 30. On October 29, 2015, Battle properly filed his Second Amended Complaint, having amended it so

extensively that it was "a different document" and he did not include a red-lined version. ECF Nos. 32, 32-1. The Second Amended Complaint was only nineteen pages and included only five counts (race discrimination, gender discrimination, retaliation and harassment for engaging in protected activities, hostile work environment, and disability discrimination), but again its brevity was illusory, as each count again "re-alleged and incorporated by reference" all of "the information in Plaintiff's original complaint." Second Am. Compl. ¶¶ 31, 37, 43, 48, 51.

Still believing that Battle's pleadings were deficient, the Agency filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 42. Following briefing, ECF Nos. 42-2, 47, 49, I issued a comprehensive Memorandum Opinion and Order, dismissing all but one count because Battle failed to exhaust his administrative remedies as to some of his claims and failed to state a claim for race or gender discrimination, hostile work environment, or "[d]iscrimination based on disability" in the remaining allegations. Sept. 19, 2016 Mem. Op. & Order 1–2, ECF No. 51. To the extent that his retaliation claim was based on his termination, I dismissed it as well. *Id.* The remainder of his retaliation claim, Count Three, was all that survived the motion. *Id.*

The Agency filed an Answer with regard to the retaliation claim, ECF No. 54, and I issued a Scheduling Order, ECF No. 58, and held a Rule 16 conference to discuss the Scheduling Order on December 19, 2016, ECF No. 60. Discovery has commenced, and the expert disclosure deadlines have passed. Scheduling Order 2.

The Scheduling Order set a January 23, 2017 deadline for amending the pleadings. *Id.* On that date, Battle filed a Third Amended Complaint without a motion for leave to amend (in violation of this Court's Local Rules), and the Clerk's Office marked it "filed in error." ECF No. 63. The next day, Battle filed a Motion for Leave to File a Third Amended Complaint, along

with a proposed amended complaint, but again failed to attach a redlined version as the Local Rules require; again, the Clerk's Office marked it "filed in error." ECF Nos. 64, 64-1. Finally, on February 3, 2017, eleven days after the deadline set in the Scheduling Order, Battle filed a Motion for Leave to File a Third Amended Complaint, along with a proposed amended complaint and a redlined version.[1] ECF Nos. 65, 65-1, 65-2. That motion was struck for failure to comply with the Case Management Order's requirement that parties file a pre-motion conference request in letter format before filing a substantive motion. ECF No. 67. Accordingly, Battle's repeated filings in violation of this court's Case Management Order and the Local Rules of this Court resulted in his Third Amended Complaint being stricken. By the time Battle managed to file an appropriate motion, the deadline for amendment of pleadings in the Scheduling Order had passed.

Following a conference call with regard to the motion, I accepted the motion as filed and permitted the parties to brief it in letter format, which they have done. ECF Nos. 68, 69, 70. The motion now is ripe, and a hearing is not necessary. *See* Loc. R. 105.6.

In his proposed Third Amended Complaint, true to form, Battle "incorporates the allegations in his Second Amended Complaint by reference," Third Am. Comp. 1; as noted, the Second Amended Complaint in turn incorporated the original Complaint. Like the Second Amended Complaint, this latest iteration includes counts for racial discrimination, gender discrimination, retaliation and harassment for engaging in protected activities, hostile work environment, and disability discrimination, even though I already have dismissed all but the retaliation claim from the Second Amended Complaint. And, despite the guidance I provided with regard to complying with Rule 8 in drafting a complaint, in amending one paragraph of the

---

[1] The redlined version still does not indicate stricken material, only additions.

4

Third Amended Complaint, Battle catalogs "Defendant's discriminatory conduct" in a thirty-six line sentence. *Id.* ¶ 5. This one paragraph continues for three pages and hardly can be considered a "short and plain statement." Fed. R. Civ. P. 8(a)(2).

## Standard of Review

Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a)(2) typically provides the standard for whether to grant a motion for leave to amend that a plaintiff files more than twenty-one days after defendants file a responsive pleading or motion to dismiss. *See id.*; Fed. R. Civ. P. 15(a)(2). When the plaintiff moves to amend after the deadline established in the scheduling order for doing so, however, Rule 16(b)(4) becomes the starting point in the Court's analysis. *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012). Thus, "once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a).'" *Id.* (quoting *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003)); *see Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

"'"[G]ood cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *CBX Techs., Inc.*, 2012 WL 3038639, at *4 (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (citation omitted)). The Court focuses "less . . . on the substance of the proposed amendment and more . . . [on] the timeliness of the motion to amend 'and the reasons for its tardy submission.'" *Id.* (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002)). This is because "[a] court's

scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (quoting *Potomac Elec. Power Co.*, 190 F.R.D. at 376 (citation and quotation marks omitted)).  Specifically, the Court considers whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party. *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010).  When "at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline," a plaintiff has "good cause" for moving to amend at a later date. *Id.* at 768; *see In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. Apr. 7, 1994) (concluding that district court abused its discretion when it denied motion to amend to add a new claim after deadline set in scheduling order had passed).

If the Court concludes that the plaintiff had good cause for moving to amend after the deadline has passed, then, pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("We have interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)).  Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Determining whether amendment would be futile does not involve "an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, No. CCB-11-986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat. Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

## Discussion

Battle asserts that "[t]his [third] Amended Complaint is filed to clarify and elaborate on the causes and information in Plaintiff's Second Amended Complaint, specifically the discrimination and hostile work environment claims, as addressed in the Court's Memorandum Opinion and Order." Pl.'s Mot. ¶ 3. Essentially, he argues that he should be allowed to amend (after the Court entered a lengthy memorandum and order ruling on the deficiencies of his Second Amended Complaint) because, after he filed an excessively long original Complaint with two Supplements, followed by an Amended Complaint that still was lengthy and incorporated all of the previous allegations by reference, making the allegations before the Court difficult to identify and decipher, he filed a Second Amended Complaint that failed to state a claim because his counsel feared sanctions for failing to plead concisely. But a 19-page complaint that incorporates by reference a 209-page initial compliant can hardly be regarded as concise pleading as contemplated by Rule 8.

Moreover, a directive to use short and plain statements and eliminate argument and surplus language present in a 40-page Amended Complaint is not tantamount to an order not to

7

include allegations "showing that the pleader is entitled to relief," as Rule 8(a)(2) requires. Battle no longer is unrepresented, and his counsel states that she has more than twenty years in practice. Pl.'s Reply Ltr. 2. These pleading deficiencies are glaring and not to be excused. Further, the Second Amended Complaint not only reintroduces claims that were dismissed for failure to state a claim but also claims that were dismissed for lack of subject matter jurisdiction because Battle failed to exhaust his administrative remedies. As the Agency asserts, "there are no new allegations in the [Third Amended Complaint] that Plaintiff, in fact, did exhaust those remedies." Def.'s Opp'n Ltr. 1. Consequently, these amendments are futile, and Battle's motion to amend will be denied in this regard. *See Foman*, 371 U.S. at 182; *Katyle*, 637 F.3d at 471; *Davis*, 615 F.2d at 613.

As for the other amendments, the Agency insists that they provide "scant additional facts," such that they "remain subject to dismissal for the same reasons that they were dismissed from the Second Amended Complaint." Def.'s Opp'n Ltr. 1. As noted, Battle filed his Third Amended Complaint by January 23, 2017, the deadline set in the Scheduling Order, but did not file his Motion for Leave to File a Third Amended Complaint until after the deadline had passed, due to his failure to follow this Court's Local Rules and the Case Management Order. Even generously accepting January 23, 2017 as the filing date for his pending motion, such that Plaintiff need not show good cause under Rule 16(b)(4), under the circumstances of this case, the factors from *Foman* militate strongly against allowing a third amendment under Rule 15(a).

Perhaps most significant is Battle's proven inability to cure his pleading deficiencies, despite securing counsel, filing multiple supplements and amendments, and having the guidance of Defendant's original request to file a motion to dismiss. Although Rule 15(a) does not "place[] [a] specific limit on the number of times a court may grant a party leave to amend," it

also does not "require a court to keep giving a party repeated chances to amend. Steven S. Gensler, Fed. R. Civ. P. Rules and Commentary 288–89 (2011). When, as is the case here, "a party is granted leave to amend but fails to address the problem, that party should not be surprised when the court does not give it a third or fourth chance." *Id.* Moreover, when "an amended complaint is challenged as insufficient," as the Agency did in its Rule 12(b)(6) motion, "the plaintiff should not assume that the court will allow the plaintiff to test the sufficiency of the amended complaint and then get another chance to replead if the amended complaint is found deficient." *Id.* Plaintiff has had the opportunity to "test the sufficiency" of his pleadings twice – first through the alleged deficiencies that the Agency identified before it filed its motion to dismiss, and then through this Court's lengthy analysis of his pleadings when ruling on the Agency's motion, and should not expect yet another opportunity. *See id.*; *see also Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (concluding that "the district court did not abuse its discretion in ruling that the plaintiffs' many opportunities to present their claim warranted denial of the motion to amend," where "Plaintiffs had an unprecedented thirteen months of unilateral pre-complaint discovery under Bankruptcy Rule 2004 and had already set forth four iterations of their complaint"); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *4 (D. Md. Dec. 4, 2012) (denying request for leave to amend where "[p]laintiff's amended complaint [did] not cure" deficiencies in claims).

Further, Battle's Third Amended Complaint incorporates by reference all of the allegations in his Second Amended Complaint, which incorporates by reference all of the allegations in his original Complaint. Additionally, it includes all of the counts in the Second Amended Complaint. Thus, it is comprised of all of the allegations that I already determined were insufficient to state a claim. Absent are any new allegations that Plaintiff did not present

9

previously. *See* Pl.'s Reply Ltr. 2. Yet when reviewing the Second Amended Complaint (incorporating all previous allegations), I dismissed all but Battle's retaliation claim, and for that claim, I dismissed it insofar as it alleged that his termination was retaliatory. This shows the futility of the amendments, a factor that militates against amendment.[2] *See Foman*, 371 U.S. at 182; *Jassie v. Mariner*, No. DKC-15-1682, 2016 WL 3218725, at *4 (D. Md. June 10, 2016), *appeal dismissed*, No. 16-2006, 2016 WL 6833371 (4th Cir. Nov. 21, 2016) (denying *pro se* plaintiff's motion for leave to amend, where the amended "allegations fail to state a plausible claim for relief and cannot withstand Rule 12(b)(6) review"); *Gray v. Bagley*, No. JFM-11-1117, 2011 WL 8227134, at *1 (D. Md. July 28, 2011) (denying motion for leave to amend where "plaintiff's reasoning is disjointed and . . . [states] no cognizable claims").

It also is noteworthy that Battle filed suit on July 15, 2014. His latest request to amend was filed in early 2017, two and a half years later. Along the way, Battle has supplemented his Complaint twice and amended twice, seeking various extensions of time to do so and missing filing deadlines due to apparent difficulties following this Court's Local Rules regarding amendment, despite filing multiple amendments. None of the facts alleged in the Third Amended Complaint were unavailable to Battle initially or to counsel when she agreed to represent him in March 2015 or earlier. Rather, Plaintiff concedes that his "Third Amended

---

[2] These repeated attempts over the course of two and a half years to pare down the pleadings while incorporating all prior allegations in their entirety could suggest bad faith on Battle's part. *Cf. Gomer v. Home Depot U.S.A., Inc.*, No. GLR-16-356, 2016 WL 5791226, at *5 (D. Md. Oct. 4, 2016) ("[T]here is nothing improper about Gomer using his Second Amended Complaint to attempt to shore up his allegations in response to Home Depot's Motion to Dismiss, *as long as Gomer has not repeatedly failed to remedy deficiencies by amendments the Court previously allowed. As this is the first instance in which Gomer has moved for leave to amend*, the Courts finds no such repeated failure and no bad faith because Gomer is using his Motion for Leave to Amend for a permissible purpose." (citations omitted)). But, I accept Plaintiff's counsel's assertion that she made good faith, albeit unsuccessful, attempts to transform Battle's pro se filings into legally sufficient pleadings. *See* Pl.'s Reply Ltr. 2 n.*.

Complaint does not contain any new information with regard to the interactions between the parties, nor does it contain information that was not in the [original Complaint] or the [First Amended Complaint." Pl.'s Reply Ltr. 2. "Delay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." *Laber*, 438 F.3d at 427. But here, it is exacerbated by the fact that Battle, in what could be perceived as bad faith (although I am not ruling that to be the case) and what certainly is an exercise in futility, persists in including previously dismissed claims in his Third Amended Complaint. This factor also weighs against amendment.

In sum, Battle has failed repeatedly to cure his pleading deficiencies through amendment, and his ongoing effort to amend, including the pending motion, cause undue delay and are futile. On these bases, I will deny Battle's motion. *See Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 426.

## ORDER

Accordingly, it is, this <u>5th</u> day of <u>April</u>, <u>2017</u>, hereby ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint, ECF No. 65, IS DENIED.

/S/
Paul W. Grimm
United States District Judge